UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY
COMPANY, a subrogee and successor in
interest of Plaintiff's insured, SCOTT A.
EDGAR,

                        Plaintiff,

                                                                Civil Case No. 17-10362
v.                                                      Honorable Linda V. Parker

BRIDGING PARTNERS CORPORATION,
HOMEWERKS WOLDWIDE, LLC,
BAI MIN ENTERPRISE, AND HOME
DEPOT U.S.A., INC.,

                        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT BRIDGING PARTNERS CORPORATION'S MOTION TO SET ASIDE DEFAULT JUDGMENT [ECF NO. 25]

On September 23, 2016, Plaintiff State Farm Fire & Casualty Company ("Plaintiff" or "State Farm") commenced this action in state court against Defendants Homewerks Worldwide, LLC ("Homewerks"), Home Depot U.S.A., Inc. ("Home Depot"), Bridging Partners Corporation ("Bridging Partners"), and Bai Min Enterprise ("Bai Min") (collectively, Defendants). On February 3, 2017, Defendant Homewerks removed this action to federal court on the basis of diversity jurisdiction. (ECF No. 1 at Pg ID 7.)

Presently before the Court are two motions: (1) Plaintiff's motion for default judgment as to Bridging Partners Corporation (ECF No. 22) and (2) Bridging Partners' motion to set aside entry of default judgment (ECF No. 25). Bridging Partners filed a response brief to Plaintiff's motion for entry of the default judgment. (ECF No. 28). Plaintiff, however, did not file a response brief to Bridging Partners' motion to set aside the default judgment. The Court does not believe that oral argument will aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is granting Bridging Partners' motion to set aside entry of default judgment and denying as moot Plaintiff's motion for default judgment.

## I. Background

This case arises from substantial water damage at a property insured by Plaintiff. (ECF No. 22 at Pg ID 155.) The property, located at 7213 Lobdell Road, Linden, Michigan, suffered water damage throughout the home as a result of a water supply line that was "manufactured, designed, constructed, developed, inspected, tested, assembled and/or distributed by" Defendant Bridging Partners. (*Id.*) On September 23, 2016, Plaintiff filed a complaint seeking a money judgment against Defendants, including Bridging Partners for an alleged breach of duties to Plaintiff's insured. (*Id.* at Pg ID 156.)

2

Plaintiff alleges that Bridging Partners was properly served by personal service on January 5, 2017. (*Id.*) In support, Plaintiff provides an affidavit of service by Wei Chi Wu, a process server. (*Id.* at Pg ID 193.) The affidavit states he served a Ms. Sheng Shi in Taipei, Taiwan. (*Id.*) A witness statement was attached to the proof of service, where two witnesses attested that they witnessed Wei Chi Wu signing the proof of service. (*Id.* at Pg ID 194.) The witness statement was dated January 11, 2017. (*Id.*)

Plaintiff then filed a motion for entry of default against Bridging Partners for failure to answer the complaint. A clerk's entry of default was filed on April 21, 2017. (ECF No. 25-3 at Pg ID 234.)

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default judgment for "good cause." In determining whether "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 232 (6th Cir. 1992)). Courts are to employ a "lenient standard" when evaluating a request to set aside a default that has not yet ripened into a judgment. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

"[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194. Federal courts favor trials on the merits; therefore, doubts should be resolved in favor of setting aside a default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).

Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)). "Therefore, if service of process was not proper, the court must set aside an entry of default." *Id.*; *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Federal Rule of Civil Procedure 4(h) provides that a foreign corporation must be served either in a judicial district of the United States or "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) incorporates the following methods of service on individuals in foreign countries:

(1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B)   as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:

…
> > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt

In other words, a foreign corporation may be served based on an international treaty agreed upon by the country the foreign corporation is based in; in a manner prescribed by the law of the destination state; or by personal delivery or any form of mail addressed by the clerk of the court and requiring a signed receipt, unless prohibited by the foreign country's law.

### III. Applicable Law & Analysis

The Court first considers whether plaintiff will be prejudiced by setting aside the default judgment. Because Plaintiff failed to file a response brief to the motion to set aside the entry of default judgment, there is no evidence of prejudice.

The second factor the court must consider is whether the defendant has a meritorious defense. *$22,050.00 U.S. Currency*, 595 F.3d at 324. Here, Bridging Partners alleges they were not properly served. (ECF No. 25 at Pg ID 208.) Further, it is unclear that Plaintiff properly served Bridging Partners. The affidavit signed by Wei Chu Wu does not state whether the alleged method of service complies with any international agreement, or Taiwan's laws regarding process. The witnesses to Wei Chu Wu's statement attested to witnessing him sign the affidavit six days after the alleged service of process. These witnesses did not see the service of the summons and complaint. Defendant also states they did not have actual knowledge of the suit until the entry of default judgment. (ECF No. 25 at Pg ID 208.)

Turning to the third factor, there is no evidence of culpable conduct by Bridging Partners that led to the default. *$22,050.00 U.S. Currency*, 595 F.3d at 324.

For the reasons discussed above, the Court finds that good cause exists to set aside the entry of default judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment against Bridging Partners (ECF No. 22) is **DENIED**;

**IT IS FURTHER ORDERED** that Bridging Partners' motion to set aside entry of default judgment (ECF No. 25) is **GRANTED**;

**IT IS FURTHER ORDERED** that the entry of default against Bridging Partners is **SET ASIDE**.

                                                   s/ Linda V. Parker
                                                   LINDA V. PARKER
                                                   U.S. DISTRICT JUDGE

Dated: October 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2017, by electronic and/or U.S. First Class mail.

                                                   s/ Richard Loury
                                                   Case Manager